GRIFFIN, Circuit Judge,
concurring in part and dissenting in part.
I respectfully dissent from the majority’s holding that plaintiffs’ common law conversion claim is preempted by federal law. In all other respects, I concur.
In my view, 49 U.S.C. § 14501(c) does not preempt plaintiffs’ common law claim alleging excessive and unauthorized vehicle storage fees arising out of the non-consensual towing of plaintiffs’ truck. Because I conclude that federal preemption does not apply, I would reverse and remand for further proceedings relating to plaintiffs’ conversion claim.
*859 At issue is 49 U.S.C. § 14501(c), which provides, in relevant part, as follows:
(c) Motor carriers of property
(1) General rule. Except as provided in paragraphs (2) and (3), a State, political subdivision of a State, or political authority of 2 or more States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier (other than a carrier affiliated with a direct air carrier covered by section 41713(b)(4)) or any motor private carrier, broker, or freight forwarder with respect to the transportation of property.
(2) Matters not covered. Paragraph
(D
(A) shall not restrict the safety regulatory authority of a State with respect to motor vehicles, the authority of a State to impose highway route controls or limitations based on the size or weight of the motor vehicle or the hazardous nature of the cargo, or the authority of a State to regulate motor carriers with regard to minimum amounts of financial responsibility relating to insurance requirements and self-insurance authorization;
(B) does not apply to the intrastate transportation of household goods; and
(C) does not apply to the authority of a State or a political subdivision of a State to enact or enforce a law, regulation, or other provision relating to the price of for-hire motor vehicle transportation by a tow truck, if such transportation is performed without the prior consent or authorization of the owner or operator of the motor vehicle.
(Emphasis added.)
I agree with the majority that because plaintiffs did not raise the non-consensual towing exception in the district court, the applicability of the exception is not preserved for appeal. Nonetheless, in ascertaining the meaning of the text of § 14501(c), the statutory language must be considered as a whole and in context. United States v. Atlantic Research Corp., -U.S. -, 127 S.Ct. 2331, 2336, 168 L.Ed.2d 28 (2007) (citing King v. St. Vincent’s Hosp., 502 U.S. 215, 221, 112 S.Ct. 570, 116 L.Ed.2d 578 (1991)). It is clear that, pursuant to § 14501(C)(2)(c), Congress did not preempt state laws relating to the non-consensual towing of vehicles. However, under the majority’s construction, Congress preempted state laws regarding the storage, impound, and administrative fees charged for such a towed vehicle. In my view, such an anomalous result is contrary to the plain meaning of the statute as a whole.
It is well settled that tow trucks are “motor carriers of property.” City of Columbus v. Ours Garage and Wrecker Sen., Inc., 536 U.S. 424, 430, 122 S.Ct. 2226, 153 L.Ed.2d 430 (2002). Further, the statute defines “transportation” as:
(A) a motor vehicle, vessel, warehouse, wharf, pier, dock, yard, property, facility, instrumentality, or equipment of any kind related to the movement of passengers or property, or both, regardless of ownership or an agreement concerning use; and
(B) services related to that movement, including arranging for, receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, packing, unpacking, and interchange of passengers and property.
49 U.S.C. § 13102(23).
Because the definition of “transportation” specifically includes “storage,” the *860 majority concludes that the Wares’ conversion claim is related to the price of a motor carrier with respect to the “transportation of property” and is therefore preempted. I disagree and find this argument flawed in several respects.
First, because the term “storage” is not defined in the statute, the plain meaning of the statutory text must be ascertained and implemented. Arlington Cent. Sch. Dist. Bd. ofEduc. v. Murphy, 548 U.S. 291, 296-97, 126 S.Ct. 2455, 165 L.Ed.2d 526 (2006). When the meaning of a term is ambiguous, we should employ established canons of statutory construction. Cf. United States v. Monsanto, 491 U.S. 600, 611, 109 S.Ct. 2657, 105 L.Ed.2d 512 (1989). Under the familiar canon of statutory interpretation, noscitur a sociis (“it is known by its companions”), a term is “given more precise content by the neighboring words with which it is associated.” United States v. Williams, — U.S. -, 128 S.Ct. 1830, 1839, 170 L.Ed.2d 650 (2008); United States v. Ossa-Gallegos, 491 F.3d 537, 540 (6th Cir.2007) (en banc). Here, “storage,” and its sister terms “receipt,” “delivery,” “elevation,” “transfer in transit,” “refrigeration,” “icing,” “ventilation,” “handling,” “packing,” “unpacking,” and “interchange,” reasonably read, refer to the cargo transported in the channels of commerce, rather than the truck transporting them. Trucks are not “handled” or “transferred in transit” and, although they often carry refrigerated cargo, or a refrigerated trailer, they are not themselves the subject of refrigeration. I therefore do not construe the term “storage” as encompassing storage of anything beyond merchandise in transit. To conclude that the Act includes storage of plaintiffs’ non-functioning truck requires a tortured reading of the surrounding terms of the statute.
Moreover, 49 U.S.C. § 13102(23)(B) refers to “storage” as a “service[ ] related to [the] movement ... of passengers and property.” Storage of freight is a likely event during the cargo’s journey from manufacturer to marketplace. Goods may be temporarily stored at a warehouse or waypoint as part of transferring cargo from one truck, or company, to another. Thus, “storage” of such goods lies at the heart of “movement of property.” Here, by contrast, plaintiffs’ truck ceased to be involved in transport activities several months before its eventual impound. As a non-operational truck is not engaged in the transport of passengers or property, storage of the same is not related to the movement of passengers and property and therefore does not fit within the four corners of § 13102(23)(B). Because I construe “storage” as applying to the freight and cargo transported, not to storage of the truck itself, I respectfully dissent.
For these reasons, I concur in part and dissent in part. I would remand for further proceedings regarding plaintiffs’ common law conversion claim.